**XU YUN HUANG, Petitioner,**

v.

**Michael B. MUKASEY,[1] Respondent.**

**No. 07–3320–ag.**

United States Court of Appeals, Second Circuit.

April 1, 2008.

Thomas S. Cheng, Philadelphia, PA, for Petitioner.

Jeffrey S. Bucholtz, Acting Asst. Atty. General, Civil Division, Susan K. Houser, Senior Litigation Counsel, Justin R. Markel, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI and Hon. ROBERT D. SACK, Circuit Judges.

### *SUMMARY ORDER*

Xu Yun Huang, a native and citizen of the People's Republic of China, seeks review of a July 6, 2007 order of the BIA affirming the November 30, 2005 decision of Immigration Judge ("IJ") Sandy Hom denying her application for asylum, withholding of removal, and relief under the

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as the respondent in this case.

Convention Against Torture ("CAT"). *In re Xu Yun Huang,* No. A98 694 710 (B.I.A. July 6, 2007), *aff'g* No. A98 694 710 (Immig. Ct. N.Y. City Nov. 30, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. I.N.S.,* 386 F.3d 66, 73 (2d Cir. 2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't. of Justice,* 428 F.3d 391, 406 (2d Cir.2005). We review *de novo* questions of law, including what quantum of evidence will suffice to discharge an applicant's burden of proof. *See, e.g., Secaida–Rosales v. I.N.S.,* 331 F.3d 297, 307 (2d Cir.2003); *Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005).

As an initial matter, we deem Huang's challenge to the agency's pretermission of her asylum claim and her application for relief under the CAT abandoned, as she has failed to raise those claims in her brief to this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

We conclude that the BIA did not err in affirming the IJ's denial of Huang's application for withholding of removal. The agency properly found that Huang established no personal knowledge of harm befalling any Chinese citizen who returned to the Fujian Province with two United States citizen children. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir. 2004). The agency also found that the Aird affidavit was of limited relevance since it was prepared for a separate case, it predated the 2005 State Department Profile of Asylum Claims in the record, and it did not prove the existence of a national policy of forced sterilization for those returning from abroad. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 274 (2d Cir.2006) (finding an Aird affidavit dated September 2004 to be of limited relevance). While Huang submitted numerous affidavits from family members, these affidavits came from relatives whose children were born in China, and thus, were not probative of how authorities in China treat Chinese nationals with U.S. born children. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005). Accordingly, in the absence of "solid support in the record" for a fear of persecution, the agency did not err in denying Huang's application for withholding of removal. *Id.*

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).